UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRYWALL TAPERS AND POINTERS OF GREATER NEW YORK LOCAL UNION 1974, AFFILIATED WITH INTERNATIONAL UNION OF ALLIED PAINTERS AND ALLIED TRADES, AFL-CIO AND TRUSTEES OF THE DRYWALL TAPERS AND POINTERS LOCAL UNION NO. 1974 BENEFIT FUNDS, <br><br> Petitioners, <br><br> -against- <br><br> TIGER CONTRACTING CORP. A/K/A TIGER CONTRACTING CORPORATION, <br><br> Respondent. | **ORDER** <br><br> 21 Civ. 6455 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

    Petitioners, Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO and Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds (collectively, "Petitioners") filed a petition seeking to confirm an arbitration award that they obtained against Respondent Tiger Contracting Corporation pursuant to a collective bargaining agreement. Although the petition was served on Respondent (Dkt. No. 7), it has neither opposed the petition nor otherwise appeared in this action. For the reasons stated below, the award will be confirmed.

## BACKGROUND

    Petitioner Drywall Tapers and Pointers of Greater New York Local Union 1974 is a labor organization. (Pet. (Dkt. No. 1) ¶ 2) Petitioner Trustees are "the fiduciaries of jointly administered multi-employer, labor management trust funds" which are "established and

maintained by the various [e]mployers pursuant to the terms of the [u]nion's collective bargaining agreements and Trust Indentures." (Id. ¶ 3) Respondent Tiger Contracting Corporation is an employer under the Taft-Hartley Act. (Id. ¶ 4)

Respondent was a party to a collective bargaining agreement with Petitioners that provides for "the submission of disputes to final, binding decisions of the Joint Trade Board." (Id. ¶¶ 5-6; Decl., Ex. B (Dkt. No. 4-2) at 26-28) Petitioners filed demands for arbitration with the Joint Trade Board following a dispute regarding claims that "Tiger engaged in discrimination against a job steward . . . and fail[ed] to register a job for overtime work." (Pet. (Dkt. No. 1) ¶¶ 7-8)

The Joint Trade Board "held a hearing on March 24, 2021 and rendered the March 31, 2021 [a]ward." (Id. ¶ 9; see Decl., Ex. A (Dkt. No. 4-1)) The award "provided that Respondent, Tiger, violated the [collective bargaining agreement] by engaging in discrimination against a job steward and failing to register a job for overtime work." (Pet. (Dkt. No. 1) ¶ 10; Decl., Ex. A (Dkt. No. 4-1) at 4) The final judgment obligated Tiger Contracting Corporation to pay (1) $485.23 to the "Local 1974 Benefit Funds"; (2) $980.97 to Oddette Lawrence; and (3) $21,000 to the "Joint Board of the Drywall Taping Industry." (Decl., Ex. A (4-1) at 4-5)

On April 30, 2021, "[a] demand letter was served on the Respondent following its failure to comply" with the Joint Trade Board's decision. (Pet. (Dkt. No. 1) ¶ 13; Decl., Ex. E (Dkt. No. 4-5) at 2) On July 28, 2021, Petitioner filed a petition with this Court seeking an order confirming the Decision and Award of the Joint Trade Board. (Pet. (Dkt. No. 1)) On August 16, 2021, this Court set a briefing schedule. (Dkt. No. 8) Respondent made no filings, and in a September 19, 2021 letter Petitioners request that the matter be decided on its submissions or that Petitioners be given leave to move for summary judgment. (Pet. Letter (Dkt. No. 9)) In a

2

November 30, 2021 order, this Court stated that it would treat the Petition "as an unopposed motion for summary judgment." (Dkt. No. 10) (citing D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006)).

## DISCUSSION

### I. APPLICABLE LAW

"It is well established that courts must grant an [arbitrator's] decision great deference." Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair, 462 F.3d at 110 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Only a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." D.H. Blair, 462 F.3d at 109-110 (internal citation omitted). Even unopposed petitions to confirm arbitration awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." Id. (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks omitted)).

## II.     ANALYSIS

Here, Petitioners have demonstrated that there is no genuine issue of material fact that precludes confirmation of the award issued by the Joint Trade Board.  The Board reviewed the contentions of the parties, "deliberated[,] and found the Employer guilty for (1) discrimination against a job steward, in violation of Article X and Article [XIII] Section 6 Violation 5 of the Agreement . . . and (2) failure to register a job for overtime work, in violation of Article IV and Article XIII Section 6 Violation 3 of the Agreement."  (Decl., Ex. A. (Dkt. No. 4-1) at 3-4)

The award granted by the Joint Trade Board was within the powers granted to it in the parties' collective bargaining agreement, which states that an employee grievance can be referred to the Joint Board when no settlement has been reached by the employee's foreperson or supervisors, or the Joint Committee, and that "[a]ll complaints other than Employee grievances shall be presented to the Joint Committee and/or the Joint Trade Board and disposed of."  (Decl. Ex. B (Dkt. No. 4-2) at 25)  Further, "[t]he awards of the Joint Trade Committee and/or the Joint Trade Board, including an award of fines or penalties, shall be final and binding upon the complainant and respondent and all interested parties."  (Decl. Ex. B. (Dkt. No. 4-2) at 28)

"Courts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations that the decision rests on factual errors or misinterprets the parties' agreements."  N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted).  Here, of course, Tiger Contracting Corporation has made no such claim.

A court "may vacate an arbitration award in four specific situations":

4

> "'(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . .; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'"

In re Arbitration Between General Sec. Nat. Ins. Co. and AequiCap Program Administrators, 785 F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)). Here, there is no evidence that the arbitration decision was made unlawfully, arbitrarily, or in excess of the arbitrator's powers. Accordingly, Petitioners' unopposed petition to confirm the award will be granted.

### III.     ATTORNEYS' FEES

In their brief, Petitioners argue that they are "entitled to payment of their attorneys' fees and costs." (Pet. Mem. (Dkt. No. 1-1) at 5)  Petitioners do not state the amount of fees and costs they are entitled to, however, nor have they provided any supporting documentation. Accordingly, Petitioners' request for an award of attorneys' fees will be denied without prejudice.

### CONCLUSION

For the reasons stated above, the arbitration award is confirmed. Petitioners' request for an award of attorneys' fees and costs is denied without prejudice. Any application

for an award of attorneys' fees and costs is to be submitted by **November 28, 2023**, and will be supported by appropriate documentation.

Dated: New York, New York
      November 17, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge